STEPHAN H. PESKIN (SP 5344)
TOLMAGE, PESKIN, HARRIS & FALICK
20 VESEY STREET
NEW YORK, NEW YORK 10007
(212) 964-1390



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JON WINKLEMAN,                                                    X

        Plaintiff,                                         X

      -against-                                            Civ No.: 05 CV 2910
                                             X  AMENDED
CITY OF NEW YORK; NEW YORK CITY POLICE                               COMPLAINT AND
DEPARTMENT; MICHAEL BLOOMBERG,                                    X  DEMAND FOR JURY
Individually and as Mayor of the City of New York;                   TRIAL
RAYMOND KELLY Individually and as Police                          X
Commissioner of the City of New York
                                                                  X
        Defendants.
------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff, JON WINKLEMAN, seeks

relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42

1

U.S.C. 1983, and his rights secured by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United State Constitution and for rights secured under the laws and Constitution of the State of New York.

2. At the time of the conduct complained of herein the defendants had in force and effect a defacto policy, custom and practice of mass arrests and prolonged, unnecessary and punitive confinement in and under conditions that were shocking to the conscience in unsanitary, unhealthy and otherwise unfit holding areas.

3. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorney fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

4. This action is made under the Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Sec 1983.

5. Jurisdiction is conferred upon this Court by 28 U.S.C §§1331,1343 (3) and (4) this being and action seeking redress for the violation of the plaintiff's constitutional and civil rights, and by 18 U.S.C §1964.

6. Plaintiff claims for declaratory and injunctive relief is authorized by 28 U.S.C. §§2201and 2202 and Rule 57 and 65 of the Federal Rules of Civil Procedure. An award of costs and attorneys fees is authorized pursuant to 42 U.S.C. § 1988.

7. The plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. Sec. 1367(a), over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part

of the same case or controversy.

## VENUE

8. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c), and 18 U.S.C. §1965.

## JURY DEMAND

9. The plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

10. Upon information and belief, and at all times hereinafter mentioned, JOHN WINKLEMAN, was and remains a resident of the City of New York.

11. Upon information and belief, and at all times hereinafter mentioned, defendant CITY OF NEW YORK, was and remains a municipal entity organized and existing under the laws of the State of New York. At all time relevant hereto, defendant City, acting through the City of New York City Police Department, was responsible for the policy, practice, supervision, implementation, and conduct of all police and safety matters in the City of New York and was responsible for the appointment, training, supervision and conduct of all NYPD personnel. In addition, at all relevant times, defendant City was responsible for enforcing the rules and regulations of the NYPD, and for ensuring the NYPD personnel obeyed the Constitution and laws of the United States of the State of New York.

12. Upon information and belief, and at all times hereinafter mentioned, defendant NEW YORK CITY POLICE DEPARTMENT, hereinafter referred to as NYPD is the department of the City responsible for, among other functions, the policy, practice, supervision,

implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, defendant NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitution and laws of the United States and of the State of New York.

13.     Defendant MICHAEL BLOOMBERG is and was, at all times relevant herein, the Mayor of the City of New York and the chief policy making official for the City and its departments, including the New York City Police Department ("NYPD") and is responsible, in whole and/or in part, for the creation, implementation, promulgation and enforcement of the policies, practices and/or customs complained of herein. He is sued in both his individual and official capacities.

14.     Defendant RAYMOND KELLY is and was at all times relevant herein, the Police Commissioner for the City of New York, and he is responsible, in whole and/or in part, for the creation, implementation, promulgation and enforcement of the polices, practices and/or customs complained of herein. He is sued individually and in his official capacity.

## FACTUAL ALLEGATIONS

15.     Upon information and belief, and at all times hereinafter mentioned, the Republican National Committee convened its convention in the City of New York from August 30, 2004 to and including September 2, 2004.

16.     Upon information and belief, and at all times hereinafter mentioned, well in advance of said convention the defendants were aware that numerous demonstrations were planned to coincide with the convention.

17. Upon information and belief, and at all times hereinafter mentioned, months before the convention, the defendants and others anticipated more than 1000 arrests per day would occur.

18. Upon information and belief, and at all times hereinafter mentioned, the plans developed by the defendants to respond to the anticipated events coinciding with the convention were designed and intended to slow down the processing of those arrested, including the unprecedented and unnecessary fingerprinting of persons charged with violations such as "disorderly conduct" so as to maximize the amount of time that persons, including the plaintiff herein, would be held in detention.

19. Upon information and belief, and at all times hereinafter mentioned, the defendants designed and planned a scheme of preventive detention to remain in effect until the convention ended.

20. Upon information and belief, and at all times hereinafter mentioned, the defendants employed an inadequately equipped and environmentally hazardous detention facility, and prolonged and unnecessary detention under cruel and inhumane conditions, which were designed and intended to punish and retaliate against individuals, including the plaintiff herein, who were engaging in political protest.

21. Upon information and belief, and at all times hereinafter mentioned, the defendants procedures, policies and practices developed for the convention was designed and intended to discourage political protest, freedom of expression and freedom of speech as guaranteed to individuals, including the plaintiff herein, under the Constitutions of the United States and the State of New York.

22. Upon information and belief, and at all times hereinafter mentioned, the defendants implemented as policy, practice and custom of detaining individuals including the plaintiff herein, without justification, for unnecessary and prolonged periods of time in unhealthy and dangerous conditions, thereby preventing this plaintiff from participating further protest activity or from going about his ordinary work, by , including but not limited to, the use of Pier 57 as an intermediate holding facility without fingerprint or LiveScan capability; detailed taking of an inventory of all personal property; fingerprinting of all detainees, even for offenses which ordinarily do not require fingerprinting; having unnecessary layers of review of paperwork before allowing the plaintiff to proceed to the courthouse for arraignment.

23. Upon information and belief, and at all times hereinafter mentioned, that on August 31, 2004 plaintiff along with approximately 50 others was arrested at about 7:00 PM at the intersection of Broadway and 28th Street in the City County and State of New York.

24. Upon information and belief, and at all times hereinafter mentioned, at the time of his arrest plaintiff had been walking with NYPD escort officials from Ground Zero toward the protest area designed near the convention site when his group was suddenly prevented from proceeding further by the NYPD.

25. Upon information and belief, and at all times hereinafter mentioned, that plaintiff was handcuffed with plastic straps, with his hands secured behind his back and held in a bus at or near the location of the arrest for upward of two hours. No food, water, rest room or air conditioning was afforded to him in the bus.

26. Upon information and belief, and at all times hereinafter mentioned, after

staying in the bus, plaintiff was then removed to a vehicle without windows known as a paddy wagon for a period of time, still back cuffed, and eventually driven to Pier 57, located on the Hudson River.

27. Upon information and belief, and at all times hereinafter mentioned, plaintiff remained in various detention cages on Pier 57 under unhealthy, unsanitary and unnecessarily dangerous conditions until September 2, 2004 when he was transferred to the detention facilities at the Courthouse located at 100 Centre Street.

28. Upon information and belief, and at all times hereinafter mentioned, plaintiff was not informed of the charges against him until he reached the courthouse when he was told that he was being charged with disorderly conduct, a non-criminal violation.

29. Upon information and belief, and at all times hereinafter mentioned, plaintiff was released from custody at approximately 4:00 PM on September 2, 2004 having been given an Adjournment in Contemplation of Dismissal on the disorderly conduct charge, and having spent approximately 40 hours in custody.

30. Upon information and belief, and at all times hereinafter mentioned, during plaintiff's confinement at Pier 57, plaintiff was exposed to noxious chemical odors, asbestos and other known carcinogens; was required to sleep on the floor which was covered with oil and grease; was denied adequate toilet and sanitary facilities; was denied a space to sit, other than on the floor; was denied adequate ventilation, food and water and was otherwise subjected to conduct which was designed and intended buy the defendants to cause physical, mental and emotional injury and pain, menatla anguish, suffering, humiliation and embarrassment.

31. That upon information and belief on October 4, 2004, plaintiff filed a Notice of Claim.

32. That upon information and belief on December 14, 2004, a hearing was conducted pursuant to Article 50-H of the General Municipal Law of the State of New York.

33. That the City of New York has failed to settle said claim and this action is brought within the proscribed time limits.

## AS AND FOR A FIRST
## CAUSE OF ACTION

34. By implementing, enforcing, encouraging, sanctioning and/or ratifying policies, practices and/or customs to punish peaceful protest during the Convention, *inter alia*, engaging in mass arrests which were unlawful and without probable cause, instituting a system of preventive detention to keep lawful peaceful demonstrators, including plaintiff herein, off the streets, and subjecting plaintiff to intolerable and cruel and inhumane conditions, the defendants, acting under pretense and color of state law and in their individual and official capacities and within the scope of their employment and have deprived the plaintiff of rights, remedies, privileges and immunities guaranteed to every citizen of the United States Constitution and 42 U.S.C. §1983.

35. As a direct and proximate result of the misconduct and abuse of authority described above, the plaintiff has suffered and will continue to suffer injury and damages including, *inter alia*, physical and mental pain, suffering and mental anguish.

36. If the defendants' policies, practices and/or customs punish mostly peaceful protest are not enjoined, the plaintiff will be subjected to immediate and irreparable injury for

which no adequate remedy at law exists in that the plaintiff will suffer continued violations of his rights under the First, Fourth Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

## AS AND FOR A SECOND
## CAUSE OF ACTION

37.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs FIRST through and including  36  with the same force and effect as if more fully set forth herein at length.

38.     The defendants' detention of the plaintiff violated the plaintiff's rights under Article I, §§ 6, 8 and 12 of the New York State Constitution.

## AS AND FOR A THIRD
## CAUSE OF ACTION

39.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs FIRST through and including  38  with the same force and effect as if more fully set forth herein at length.

40.     At the time of his arrest, plaintiff was charged with violation of the New York State Penal Law § 240.20 Disorderly Conduct, a non-criminal violation.

41.     At the time of his arrest plaintiff was in possession of valid identification.

42.     At the time of his arrest plaintiff turned over to the arresting officer valid identification and properly identified himself to the arresting officer.

43.     Defendants' fingerprinting of the plaintiff violated the plaintiff's rights under

section 160.10 of the New York Criminal Procedure Law and the common law of the State of New York.

**WHEREFORE,** plaintiff respectfully request that this Court:

A.    Enter a judgment declaring that defendants' policies, practices and/or customs to punish peaceful protest during the Convention by, *inter alia*, engaging in mass arrests which were unlawful and without probable cause, instituting a system of preventive detention to keep lawful peaceful demonstrators off the streets during the height of the Convention, and subjecting the plaintiff to intolerable and cruel and inhumane conditions, are unconstitutional.

B.    Issue an order enjoining defendants' policies, practices and/or customs to punish peaceful protest during the Convention by, *inter alia*, engaging in mass arrests which were unlawful and without probable cause, instituting a system of preventive detention to keep lawful peaceful demonstrators off the streets during the height of the Convention, and subjecting the plaintiff to intolerable and cruel and inhumane conditions.

C.    Enter a judgment declaring that defendants' policies, practices and/or customs of fingerprinting persons arrested for a non-criminal violation was designed to delay, hinder and otherwise obfuscate the plaintiff's rights under the constitutions of the United States of America and the State of New York

D.    Award the plaintiff compensatory damages in an amount to be determined at trial.

E.    Award the plaintiff punitive damages against the individual defendants in an amount to be determined at trial.

F.    Award the plaintiff reasonable attorneys' fees and costs.

  G. Grant such other and further relief as this Court shall find as appropriate and just.

Dated: New York, New York
    April 27, 2005

               Respectfully submitted,

               _____
               STEPHAN H. PESKIN, (SP 5344)
               TOLMAGE, PESKIN, HARRIS & FALICK
               20 VESEY STREET
               NEW YORK, NY 10007
               (212) 964-1390

STATE OF NEW YORK        )
                         ) SS:
COUNTY OF NEW YORK       )

       Jon Winkleman, being dully sworn, deposes and says: I am one of the plaintiffs in the within action, I have read the foregoing Amended Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein to be alleged on information and belief, and as to those matters I believe it to be true.

_____
Jon Winkleman

Sworn to before me this 27th
day of April, 2005

_____
Notary Public

12